# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>JOSE LUIS LOPEZ-BERNAL,<br><br>      Defendant. | Case No. 18-mj-20090-BAS-KSC-1<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE CONVICTION** |

## I. INTRODUCTION

It is important initially to outline what this appeal is *not* about. The case is not about whether any immigration defendant in the Southern District of California has ever been treated unconstitutionally. Although defense counsel attempts to sweep a broad brush across all proceedings, attaching transcripts of proceedings occurring before Mr. Lopez-Bernal's arrest and referencing unattended medical conditions of other defendants, without any suggestion that Mr. Lopez-Bernal had any untreated medical problem at the time of his guilty plea, these obviously are irrelevant to Mr. Lopez-Bernal's situation.

Nor is this case about whether the conditions in which Mr. Lopez-Bernal was held the night before his guilty plea rendered his ultimate decision to plead guilty involuntary. Although there are passing suggestions (without supporting evidence) that Mr. Lopez-Bernal was sleep deprived at the time he pled guilty, was not allowed to brush his teeth or shower, and had met with his attorney only briefly in a "hurried conversation," ultimately the only issue articulated in this appeal is: "Did the magistrate fail to properly advise Mr. Bernal of the nature of the charged offense?" (ECF No. 15, Question Presented, pg. 6). Since the Court concludes the Magistrate Judge properly advised Mr. Lopez-Bernal of the nature of his charged offense, the conviction is **AFFIRMED**.

## II. STATEMENT OF FACTS

Mr. Lopez-Bernal was arrested for illegally entering the United States by eluding immigration inspection on July 10, 2018. (ECF Nos. 1, 2.) The next day, on July 11, 2018, he was brought before a Magistrate Judge where he pled guilty to that charge. (ECF No. 9, beginning at pg. 109 ("Plea Transcript").)

During the plea colloquy, the Magistrate Judge advised Mr. Lopez-Bernal of his constitutional rights, which he stated he understood and was willing to give up. (Plea Transcript 109:8-19, 110:20-21.) The Magistrate Judge also advised Mr. Lopez-Bernal that "[y]ou are charged with illegally entering the United States." (*Id.* 110:22-23.)

A dispute then arose as to the elements of this charge. The prosecutor correctly informed Mr. Lopez-Bernal that "[t]he crime you are charged with requires the government to prove beyond a reasonable doubt that you were not a citizen of the United States at the time of the offense and that you knowingly eluded examination or inspection by immigration officers." (Plea Transcript 111:1-5.) Defense counsel objected. She argued that the government also needed to prove that Mr. Lopez-Bernal: (1) intentionally, not just knowingly, eluded examination; (2) "specifically intended to avoid the examination process by quickness and cunning"; and (3)

"crossed into the United States free from official restraint at a port of entry." (*Id.* 111:8-15.)

The Magistrate Judge disagreed, but ultimately said that "[i]f it went to trial, the government would need to prove the charge . . . [and] whatever the elements ultimately are determined by the trial judge to be." (Plea Transcript 111:19-24.) Defense counsel pointed out that the Court needed to resolve the dispute between the parties as to the elements of the offense. (*Id.* 111:25-112:-4.) The Magistrate Judge acquiesced and, looking at the statute, informed Mr. Lopez-Bernal that the statute required the government to prove "that you are not a citizen of the United States, and that you eluded examination or inspection by immigration officers." (*Id.* 113:3-5.) Mr. Lopez-Bernal indicated that he understood. (*Id.* 114:8-11.) The Magistrate Judge did not adopt the additional elements urged by defense counsel. (*Id.*)

After pleading guilty, the Magistrate Judge sentenced Mr. Lopez-Bernal to a time served sentence, with no fine, no supervised release and no special assessment. (ECF No. 4.) This appeal ensued.

### III. STANDARD OF REVIEW

This appeal is timely and this Court has jurisdiction. *See* 8 U.S.C. § 3402; Fed. R. App. P. 58(g)(2)(B).

"Whether the district court's colloquy with the defendant satisfied the requirements of Rule 11(c)(1) is a matter of law" that should be reviewed de novo. *United States v. Bruce*, 976 F.2d 552, 559 (9th Cir. 1992), *abrogation on other grounds recognized by United States v. Velasquez*, 855 F.3d 1021, 1038 (9th Cir. 2017). Although the Government argues the "plain error" standard applies because of defense counsel's failure to object, the Court finds defense counsel did object to the elements as stated and requested the Magistrate Judge to resolve the issue. When the Magistrate Judge did so, defense counsel was not required to restate her objection; it had already been preserved for the record. Hence, this Court reviews the record de novo.

## IV. ANALYSIS

"Federal Rule of Criminal Procedure 11 is designed 'to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary.'" *United States v. Minore*, 292 F.3d 1109, 1115 (9th Cir. 2002) (quoting *McCarthy v. United States*, 394 U.S. 459, 465 (1969)). "Rule 11(c)(1) requires the district court to 'address the defendant personally in open court' and advise the defendant of 'the nature of the charge to which the plea is offered.'" *Id.* (quoting Fed. R. Crim. P. 11(c)(1)). "[R]eal notice of the true nature of the charge against [a defendant is] the first and most universally recognized requirement of due process." *Id.* (alterations in original) (quoting *Bousley v. United States*, 523 U.S. 614, 618 (1998)).

The requirement that a defendant be notified of the nature of the charges against him serves two purposes. First, "a defendant's admission of criminal culpability is not meaningful unless the defendant understands the crime to which he is confessing." *Minore*, 292 F.3d at 1115. Second, understanding what the government must prove if the defendant chose to go to trial permits "the defendant to make an intelligent judgment as to whether he would be better off accepting the tendered concessions or chancing acquittal if the prosecution cannot prove those facts beyond a reasonable doubt." *Id.* To the extent the nature of the charges includes "legal argot and other legal concepts that are esoteric to an accused," the judge has an obligation to explain their meaning. *Bruce*, 976 F.2d at 560. Barring esoteric words like "conspiracy," however, "[e]mploying the exact language utilized in the statute gives adequate notice to a defendant as to the charge." *United States v. Hiralai*, 132 Fed. App'x 679, 680 (9th Cir. 2005) (memorandum disposition); *see also Bruce*, 976 F.3d at 560.

The Supreme Court has assumed that "notice of the true nature, or substance, of a charge [does not] always require[] a description of every element of the offense," only "critical" elements. *Minore*, 292 F.3d at 1116 (quoting *Henderson v. Morgan*,

426 U.S. 637, 647 n.18 (1976)); *see also Bargas v. Burns*, 179 F.3d 1207, 1215 (9th Cir. 1999) ("Notice 'does not require a description of every element of the offense.'" (quoting *United States v. Butcher*, 926 F.2d 811, 816 (9th Cir. 1991))). "In fact, 'it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.'" *Bargas*, 179 F.3d at 1215 (quoting *Henderson*, 426 U.S. at 647).

In this case, Mr. Lopez-Bernal pled guilty to being an alien who knowingly eluded examination and inspection by an immigration officer in violation of Title 8, United States Code, § 1325(a). Under § 1325(a):

> Any alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact

is guilty of a misdemeanor. 8 U.S.C. § 1325(a). The statute requires not only proof that an alien is illegally in the United States but additional proof as to how the illegal entry was effected: (1) by entering at a time or place other than that designated by immigration, (2) by eluding examination or inspection by immigration officers, or (3) by willfully making a false or misleading statement. *United States v. Leon*, 221 F.3d 1349, 1349 n.2 (9th Cir. 2000) (memorandum disposition). In this case, Mr. Lopez-Bernal was charged with the second subsection—that is, entering illegally by eluding examination or inspection by immigration officers. (ECF No. 1.)

A defendant eludes inspection when he gains entry into the United States through an unlawful point and does not submit to examination at the time of the entry. *United States v. Rincon-Jimenez*, 595 F.2d 1192, 1193–94 (9th Cir. 1979) (finding defendant "eluded" inspection at the moment he traversed the beach between Tijuana and San Ysidro late at night). An individual can elude inspection even if he enters at a point other than a Port of Entry. According to Merriam-Webster's dictionary,

"elude" means "to avoid adroitly" or "to evade." *Elude*, Merriam-Webster, www.merriam-webster.com/dictionary/elude (last visited Oct. 22, 2018). One who avoids a Port of Entry and enters illegally without getting caught is adroitly avoiding or evading inspection.

Thus, the Government properly stated the elements when it stated, "the crime you are charged with requires the government to prove beyond a reasonable doubt that you were not a citizen of the United States at the time of the offense, and that you knowingly eluded examination or inspection by immigration officers." (Plea Transcript 111:1-5.) Defense counsel objected. Instead of "knowingly," defense counsel argued that the Government was required to prove that Mr. Lopez-Bernal "intentionally eluded examination" and that "means he specifically intended to avoid the examination process by quickness and cunning." (*Id.* 111:8-15.) Defense counsel also argued that the Government would have to prove that Defendant "successfully eluded examination, which means he crossed into the United States free from official restraint at a Port of Entry." (*Id.*)

None of these statements is true. Although subsection (a)(3) requires that the individual wilfully make a false or misleading representation or wilfully conceal a material fact, subsection (a)(2) has no similar requirement. Nor is there any requirement that a defendant only elude at a port of entry "by quickness and cunning." Finally, although the term "entry" is a term of art requiring that a defendant be free from official restraint, *see United States v. Argueta-Rosales*, 819 F.3d 1149, 1158 (9th Cir. 2016), subsection (a)(2) does not include the requirement that a defendant "enter," only subsections (a)(1) and (a)(3) use this term of art. Defense counsel was asking the Magistrate Judge to add elements to the offense that do not exist.

And, contrary to the representations in the Appellate Brief, the Magistrate Judge did resolve this issue by reading the relatively simple statute to Mr. Lopez-Bernal and informing him that the statute required the government to prove "that you

are not a citizen of the United States, and that you eluded examination or inspection by immigration officers." (Plea Transcript 113:3-5.) Mr. Lopez-Bernal indicated that he understood. (*Id.* 114:8-9, 10-11.)

This was not a complicated case. *See United States v. Covian-Sandoval*, 462 F.3d 1090, 1095 (9th Cir. 2006) (characterizing an attempted illegal entry offense as "straightforward"). Looking at the proceedings as a whole, the Magistrate Judge informed Mr. Lopez-Bernal of the nature of the charge to which he was pleading guilty—that is, that he was not a citizen who eluded examination by immigration officers. Mr. Lopez-Bernal stated he understood and pled guilty to that charge. He later confirmed his guilt by admitting that on July 10, 2008, he was not a United States citizen and was an alien who entered the United States without permission two miles east of the Otay Mesa California Port of Entry. (Plea Transcript 137:23-138:11.)

## V. CONCLUSION

Reviewing the record de novo, the Court concludes the Magistrate Judge adequately advised Mr. Lopez-Bernal of the charges to which he was pleading guilty. Thus, his plea of guilty was voluntary, and the conviction is **AFFIRMED.**

**IT IS SO ORDERED.**

**DATED: October 22, 2018**

Hon. Cynthia Bashant
United States District Judge